IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MELVIN HOSKINS,**
          **Petitioner,**


**v.**                                    **Civil Action No.: 3:18-CV-18**


**JENNIFER SAAD, WARDEN,**
          **Respondent.**


### REPORT AND RECOMMENDATION

## I.   INTRODUCTION

On February 2, 2018, Petitioner, an inmate at FCI Gilmer, acting *pro se*, filed a

Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1]

The matter is now before the undersigned United States Magistrate Judge for a

Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B)

and LR PL P 2. For the reasons set forth below, the undersigned recommends that the

Petition be denied and dismissed with prejudice.

## II.   FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence[2]

On November 10, 2010, an indictment was returned in case number 2:10-CR-

20677 in the Eastern District of Michigan, which charged Petitioner with five counts of

---

[1] ECF Numbers cited herein refer to case number 3:18-CV-18 unless otherwise noted.

[2]  Throughout section II.A. all ECF numbers refer to entries in the docket of Criminal Action No. 2:10-CR-20677 from the Eastern District of Michigan, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

various crimes related to distribution of a controlled substance.   ECF No. 1.   A superseding information was filed on March 27, 2012.   ECF No. 69.   That same date, a plea agreement was filed with the Court and Petitioner entered his plea of guilty to Count 1 of the superseding information.   ECF No. 70.   A corrected superseding information was filed on March 28, 2012, and another plea agreement filed on that date.   ECF Nos. 71, 72.   On July 12, 2012, Petitioner was sentenced to 120 months of incarceration.   The judgment stated, "The defendant was in federal custody beginning December 20, 2010 and should receive the appropriate credit towards the term of imprisonment."   ECF No. 75 at 2.   The government filed a motion to correct sentence on July 19, 2012.   ECF No. 76.   On July 25, 2012, the Court entered an amended judgment which stated:

> The defendant was in federal custody beginning December 20, 2010 and should receive the appropriate credit towards the term of imprisonment.   ** The government disputes this. See Government's Motion to Correct Judgment [R.75].   This is a matter for the Bureau of Prisons to decide. **

ECF No. 77 at 2.

Petitioner filed a motion to amend or clarify the 2012 amended judgment on September 1, 2017.   ECF No. 86.   The Court denied that motion to amend or clarify by order entered on December 12, 2017.   ECF No. 90.

### B.    Appeal

Petitioner did not appeal his conviction or sentence.

### C.    Instant Petition for Habeas Corpus Under § 2241

Petitioner filed the instant petition[3] for habeas corpus on February 2, 2018, along

---

[3]  Although Petitioner used the Court-approved form to file his petition, he did not comply with the Local Rules of Prisoner Litigation Procedure in completing that form, directing the Court to "See attached memorandum of law" [ECF No. 1 at 5 – 6], instead of asserting grounds for relief or providing supporting facts therefor.   Despite Petitioner's failure to comply with the Local Rules, the Court has reviewed and

with a memorandum of law in support thereof, challenging the sentence imposed in the Eastern District of Michigan.  ECF Nos. 1, 1-1.  In the memorandum, Petitioner claims that the Federal Bureau of Prisons ("BOP") unlawfully denied him credit for time served. ECF No. 1-1 at 4.  Petitioner's main contention is that he should have received credit for time served from December 20, 2010, the date he was transferred to federal jurisdiction pursuant to a writ of habeas corpus ad prosequendum in the sentence imposed by the District Court in the Eastern District of Michigan in 2:10-CR-20677.[4]  ECF No. 1-1 at 3.  A federal detainer was issued for Petitioner by an "Order of Detention" entered on December 22, 2010.  E.D.Mich. 2:10-CR-20677, ECF No. 5.  The Order states that, "Defendant shall be promptly brought before this Magistrate Judge for the purpose of a bond hearing should he be released from custody by the State of Michigan during the pendency of this case."  Id.

The December 20, 2010, writ of habeas corpus ad prosequendum was the first of seven such writs issued while Petitioner was in the custody of the state of Michigan.  Six additional federal writs of habeas corpus ad prosequendum were issued against the petitioner on: (1) May 5, 2011, for a July 12, 2011, hearing; (2) September 26, 2011, for a September 28, 2011 hearing; (3) October 26, 2011, for a November 1, 2011, trial date; (4) December 6, 2011, for a December 20, 2011, hearing; (5) February 22, 2012, for a February 27, 2012, hearing; and (6) June 8, 2012, for a July 12, 2012, sentencing hearing. E.D.Mich. 2:10-CR-20677, ECF Nos. 22, 31, 33, 46, 55, 74.

---

considered all of the pleadings filed by Petitioner.

   [4]  A review of the docket in the underlying criminal case, shows that such a writ was prepared and executed by a United States Magistrate Judge on December 16, 2010.  E.D.Mich. 2:10-CR-20677, ECF No. 2. A return of the writ was filed as served on April 21, 2011.  E.D.Mich. 2:10-CR-20677, ECF No. 19.

In the petition, Petitioner requested the Court to, "run my Federal Sentence as Ordered . . . from December 20, 2010; or [f]rom June 27, 2011, [t]he day I was granted release on Parole and was denied because I was considered to be in federal custody as a result of the December 22, 2010 [f]ederal [d]etainer."  ECF No. 1 at 8.

Petitioner asserts that he exhausted his administrative remedies, which were denied.  ECF Nos. 1 at 7 – 8, 1-1 at 2.  Petitioner attached to his petition a copy of his Regional Administrative Remedy Appeal, filed September 13, 2013.  ECF No. 1-2.  That document signed by the Regional Director for the Mid-Atlantic Region denies Petitioner relief on the ground that Petitioner was:

> [B]orrowed from state custody on December 22, 2010, pursuant to a federal writ.  After [Petitioner was] sentenced in the United States District Court [he was] returned to state custody to satisfy the provisions of the writ.
> The credit that [Petitioner] request[s] was time spent serving [his] state sentence; therefore, this credit is not applicable toward [his] federal sentence pursuant to Title 18, U.S.C. § 3585(b).

ECF No. 1-2 at 2.

The Court entered an order to show cause on September 28, 2018, which directed Respondent to show cause why the writ should not be awarded.  ECF No. 8.  On October 26, 2018, Respondent filed a Motion to Dismiss, or, in the alternative, for Summary Judgment, a memorandum in support thereof, and various exhibits to the memorandum. ECF Nos. 15, 16, 16-1.

In Respondent's Motion to Dismiss, or, in the alternative, for Summary Judgment, she argues that Petitioner is not entitled to relief because his federal sentence did not commence until November 21, 2012, when he was paroled by and released from the custody of the state of Michigan.  ECF No. 16 at 9.

Respondent further argues that Petitioner is not entitled to any prior custody credit based on 18 U.S.C. § 3585(b).  Id. at 12 – 13.  Further, Respondent argues that the BOP properly calculated Petitioner's sentence and that Petitioner is not entitled to have any time spent in state custody credited against his federal sentence, as that would amount to double credit.  ECF No. 16 at 14.

On November 1, 2018, an Order and Roseboro notice was entered. ECF No. 18. On November 26, 2018, Petitioner filed a response in opposition to the motion to dismiss or for summary judgment.  ECF No. 20. Essentially, Petitioner argues that the sentencing court intended to grant him credit from December 20, 2010, and that Respondent's sentence calculation denies him credit for time which the sentencing judge intended to grant him.

Thereafter, on December 7, 2018, Respondent filed a reply.  ECF No. 21. Petitioner filed another responsive pleading thereto, entitled "Petitioner's Reply Memoranda" on December 27, 2018.  ECF No. 22.

### III.   LEGAL STANDARD

#### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply

these rules to a habeas corpus petition not filed pursuant to § 2254).

> **B.    Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

> **C.    Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences

---

[5]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### D.    Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that  a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that  the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  Id. at 555, 570.  In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation.  Id. at 678.  "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.  Thus, a well-pleaded complaint  must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir.

1993); see also Martin, 980 F.2d at 952.

### E.  Motions for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict."  Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial."  Id.  The "mere existence of a scintilla of evidence"

favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV.    ANALYSIS

Petitioner asserts that he has exhausted his administrative remedies. ECF Nos. 1 at 7 – 8, 1-1 at 2. Although Petitioner claims he appealed to the General Counsel of the BOP, the exhibit Petitioner attaches demonstrates only that he appealed to the Regional level. ECF No. 1-1. That regional appeal document advised Petitioner that he could appeal to the BOP General Counsel. Petitioner did not provide any documentation to

demonstrate that he actually appealed to the BOP General Counsel.   Administrative exhaustion is recognized by the courts as a prerequisite to filing a petition for habeas corpus under § 2241.   See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973) ("The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'"), Pelissero v. Thompson, 170 F.3d 442, 445 (1999).

Petitioner contends that he did exhaust his administrative remedies, although he has failed to demonstrate this contention.  This Court has previously recognized that, "the exhaustion requirement in habeas corpus actions arising under § 2241—to the extent that exhaustion has been applied to such challenges—has no statutory mandate, but rather is judicially imposed. Consequently, a court may, in appropriate circumstances, exercise its discretion to waive the exhaustion requirement." Jaworski v. Gutierrez, 509 F. Supp. 2d 573, 578 (N.D.W. Va. 2007).  In reaching its decision, the Court in Jaworksi relied on Larue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006), which held that "several federal circuit and district courts have found that the exhaustion requirements may be waived under § 2241 and noting that although the United States Court of Appeals for the Fourth Circuit has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions." 509 F. Supp. 2d at 578.   Although it is disputed whether Petitioner exhausted his administrative remedies prior to filing this petition, assuming *arguendo* that Petitioner has exhausted, the undersigned finds that he is still not entitled to the relief he seeks.

The United States Supreme Court has long recognized that 18 U.S.C. § 3585(b)

does not authorize a district court to compute a defendant's jail credit at sentencing.

United States v. Wilson, 503 U.S. 329, 334 (1992).  Rather, it is the United States Attorney

General, acting through the BOP, who is responsible for computing an inmate's term of

confinement.   This computation includes the determination of when the sentence

commenced and the amount of credit for time served following a federal conviction and

sentencing.  Id. at 333.  In making this computation, the BOP must adhere to 18 U.S.C.

§ 3585 which provides as follows:

> (a) Commencement of sentence.—A sentence to a term of
> imprisonment commences on the date the defendant is
> received in custody awaiting transportation to, or arrives
> voluntarily to commence service of sentence, at the official
> detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit
> toward the service of a term of imprisonment for any time he
> has spent in official detention prior to the date the sentence
> commences—
>
>> (1) as a result of the offense for which the defendant was
>> arrested; or
>>
>> (2) as a result of any other charge for which the defendant
>> was arrested after the commission of the offense for which
>> the sentence was imposed;
>
> that has not been credited against another sentence.

In Wilson, the Supreme Court expressly rejected Wilson's argument that § 3585(b)

authorizes a district court to award credit at sentencing, reasoning that:

> Section 3585 indicates that a defendant may receive credit
> against a sentence that "*was imposed*."  It also specifies that
> the amount of the credit depends on the time that the
> defendant "*has spent*" in official detention "prior to the date the
> sentence commences."   Congress' use of a verb tense is
> significant in construing statutes.  By using these verbs in the
> past and present perfect tenses, Congress has indicated that
> computation of the credit must occur after the defendant

12

> begins his sentence.  A district court, therefore, cannot apply
> § 3585(b) at sentencing.

Wilson, supra, at 333 (emphasis in original, internal citations omitted).

In the instant case, the Petitioner is seeking credit for the time he spent in state custody in Michigan, before he was released to commence his federal sentence in the Eastern District of Michigan.  Petitioner relies on the sentencing court's recommendation that he receive credit beginning December 20, 2010.  ECF No. 1 at 8.  Consistent with the language of § 3585(b) and the holding of Wilson, the BOP calculated Petitioner's sentence to commence on the date he was paroled from the state of Michigan, November 21, 2012.  ECF No. 16-1 at 3, 37.  The BOP did not award Petitioner credit, nor was he entitled to credit, for the time served prior to his release from custody in the state of Michigan.

Petitioner's service of his state sentence in Michigan prohibited him from receiving credit for simultaneous custody credit for his federal sentence.  Consistent with 18 U.S.C. § 3585(b), a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."  Because Petitioner's was in detention in state custody until November 21, 2012, he was not entitled to credit toward his federal sentence from his date of sentencing until he was released from state custody. Accordingly, Petitioner has received all custody credit to which he was entitled, and his request for relief is without merit.

Having considered the pleadings and arguments of the parties, and the evidence in the light most favorable to the nonmoving party, it appears that there is no genuine

dispute as to any material fact presented.  Accordingly, the Respondent is entitled to judgment as a matter of law.

## IV.   RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.  I further **RECOMMEND** that Respondent's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [ECF No. 15] be **GRANTED**.  I further **RECOMMEND** that Petitioner's motion for reconsideration [ECF No. 13] be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court.

The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** May 3, 2019

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE